IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ELMA KENNEDY, JR. | § § § | |
| Petitioner, | § § | |
| VS. | § § | NO. 3-07-CV-1058-K |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § § § § | |
| Respondent. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Robert Elma Kennedy, Jr., a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

A jury convicted petitioner of murder and sentenced him to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Kennedy v. State*, No. 05-05-01565-CR, 2006 WL 2875244 (Tex. App.--Dallas, Sept. 26, 2006, pet. ref'd). Petitioner did not seek state post-conviction relief. Instead, he filed this action in federal district court.

II.

In four grounds for relief, petitioner contends that: (1) the prosecutor made an improper jury argument; (2) the state withheld evidence that the murder victim had a weapon; (3) the jury charge on punishment did not include a sudden passion instruction; and (4) trial counsel was ineffective for

failing to object that the state suppressed favorable evidence, for objecting to evidence that would have supported a claim of self-defense, and for not requesting a sudden passion instruction.

Respondent argues that most of these claims are unexhausted and, therefore, procedurally barred from federal habeas review. Although petitioner has never sought state post-conviction relief, respondent maintains that Texas law prohibits him from returning to state court to exhaust these claims because a state writ cannot be used to litigate issues that were not, but could have been, raised on direct appeal. (*See* Resp. Ans. at 9).

A.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct 1038, 1043, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993). To be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982); *Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999).

As respondent correctly notes, the failure to raise a claim on direct appeal *may* be a procedural bar to state habeas review. *See Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996). However, because petitioner never filed an application for state post-conviction relief, no Texas court has ever had an opportunity to consider whether his unexhausted claims are procedurally barred. Without a "plain statement" by the Texas Court of Criminal Appeals applying this procedural rule to deny state post-conviction relief, respondent cannot rely on the procedural bar

doctrine to preclude federal habeas review of petitioner's unexhausted claims.[1]

B.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains both exhausted and unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

Only three of the claims raised by petitioner in his federal writ were presented on direct appeal: (1) the prosecutor made an improper jury argument; (2) the jury charge on punishment did not include a sudden passion instruction; and (3) his attorney failed to object to the omission of a sudden passion instruction.[2] Because petitioner did not file an application for state post-conviction relief, the Texas Court of Criminal Appeals has never considered: (1) whether the state withheld evidence that the murder victim had a weapon; and (2) whether trial counsel was ineffective for

---

[1] The two federal cases cited by respondent in support of his argument that petitioner's unexhausted claims are procedurally barred are inapposite. *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001); *Soria v. Johnson*, 207 F.3d 232, 249 (5th Cir.), *cert. denied*, 121 S.Ct. 2 (2000). In both *Finley* and *Soria*, the state habeas court specifically found that the petitioners had forfeited their claims by failing to raise them on direct appeal. *See Finley*, 243 F.3d at 219; *Soria*, 207 F.3d at 246. Thus, unlike the instant case, the barred claims in *Finley* and *Soria* had been rejected by the Texas courts on state procedural grounds.

[2] In his *pro se* petition for discretionary review, petitioner also argued that: (1) the evidence was insufficient to support his conviction; (2) he should have been charged with the lesser-included offense of voluntary manslaughter; (3) the prosecutor failed to produce unidentified exculpatory evidence; (4) he was denied access to three exhibits; (5) one of the exhibits displayed to the jury was unduly prejudicial; and (6) the trial court improperly admitted hearsay evidence. (*See* PDR at 6-11). None of those claims are included in petitioner's federal writ.

failing to object to the suppression of exculpatory evidence and for objecting to evidence that would have supported a claim of self-defense. The court therefore determines that this case should be dismissed for failure to exhaust state remedies.[3]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 14, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Where, as here, a petitioner has failed to exhaust all of his claims in state court, the federal habeas court may either dismiss the petition without prejudice or stay the proceedings while the petitioner returns to state court to exhaust his previously unexhausted claims. Dismissal is the preferred option and a stay is warranted only where the petitioner may be prevented from timely refiling the action after his claims are resolved in state court. See Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005). Because the AEDPA statute of limitations has not yet expired, the magistrate judge recommends the dismissal of petitioner's federal writ rather than staying the proceedings.